# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OMEGA PATENTS, LLC,**

        **Plaintiff,**

**-vs-**                                           Case No. 6:07-cv-1422-Orl-35DAB

**LEAR CORPORATION,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

> **MOTION:** **MOTION TO EXTEND TIME FOR EXPERT DISCLOSURE (Doc. No. 60)**
>
> **FILED:** January 23, 2009
>
> **THEREON** it is **ORDERED** that the motion is **DENIED, as moot**, in view of the new scheduling recommendations contained herein.

> **MOTION:** **UNOPPOSED MOTION TO AMEND/CORRECT THE CASE MANAGEMENT AND SCHEDULING ORDER AND AMEND THE COMPLAINT (Doc. No. 64)**
>
> **FILED:** February 24, 2009
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DEFERRED** in part.

> **MOTION:** **MOTION FOR CASE MANAGEMENT CONFERENCE (Doc. No. 82)**
>
> **FILED:** **April 28, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

> **MOTION:** **MOTION TO TRANSFER CASE TO MICHIGAN (Doc. No. 63)**
>
> **FILED:** **February 2, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **MOTION TO SUPPLEMENT RESPONSE (Doc. No. 76)**
>
> **FILED:** **April 6, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**. *See* Doc. No. 73.

At issue in these motions, as argued at hearing, is the appropriate venue and schedule for this action. The matter was briefed, and the Court heard argument. For the reasons set forth herein, the motion to transfer venue is **denied,** and the Court **grants** the scheduling motions, to the extent the parties seek entry of a new Case Management and Scheduling Order, consistent with the dates set forth in the unopposed motion to amend (Doc. No. 64). While the Court denies the motion to transfer venue to Michigan, it appears from the representations made in the response papers and at hearing that the Tampa Division of this Court has the greater nexus with the case. As such, the Court **defers** the entry of a Case Management and Scheduling Order for the District Judge, who has the discretion to transfer either the entire case or trial of this matter to the Tampa Division, pursuant to 29 U.S.C. § 1404(c) and Local Rule 1.02.

*Venue*

Well over a year after this lawsuit was filed, Lear moved to transfer venue to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). As grounds, Lear alleges that the proposed amendment to the complaint adds two patents and new infringement contentions relating to those patents, making it essentially "a whole new case." Lear also cites to its present "difficult financial condition" as warranting a more economical approach to litigation costs, noting that Michigan is its home forum. Lear contends that most of the witnesses and documents are also in Michigan, making it a more convenient and appropriate forum in which to try the case.

*Standards of Law*

Title 28, U.S.C. § 1404(a) provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have broad discretion in deciding whether to transfer an action to a more convenient forum. *See England v. ITT Thompson Industries, Inc*., 856 F.2d 1518, 1520 (11th Cir.1988) ("Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue" under § 1404(a)). The burden is on Lear as the moving party to prove that this case should be transferred. *See In re Ricoh Corp*., 870 F.2d 570, 573 (11th Cir.1989) ("in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient").

"Motions to transfer pursuant to § 1404(a) are subject to a two-step analysis that examines, first, whether the action could originally have been brought in the proposed transferee forum, and second, whether a balancing of the convenience of the parties and the interest of justice favors transfer in the specific case." *First Financial Bank v. CS Assets, LLC* , 2009 WL 1211360, 2 (S.D. Ala. 2009) (internal citations omitted). If the second step is reached, a court examining whether the balance of

justice and convenience favors transfer considers a broad range of factors, including "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.*, *citing Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005).

*Analysis*

As to the first step of the analysis, Lear has established that this patent litigation might have been brought in the Eastern District of Michigan, the proposed transferee forum. Subject matter jurisdiction is established there, and, as Lear's headquarters are located in that district, venue would also be proper.

Having met the first hurdle, Lear must make a "convincing showing" that transfer is warranted. *Garay v. BRK Electronics,* 775 F. Supp. 1010, 1011 (M.D. Fla. 1991). The Court examines the above factors and concludes that such a showing has not been made.

*Convenience of the witnesses and the parties*

Neither Omega nor Lear are resident in this District. Nonetheless, Omega has conducted business here, and Lear manufactures and sells the accused products in this District. The pleadings establish that venue here is proper. (*See* Doc. No. 1 at allegations 5 and 6, and Doc. No. 9 at paragraphs 5 and 6).

In support of a transfer, Lear contends that the vast majority of liability witnesses reside in Michigan, including Lear employees and third party fact witnesses (employees of General Motors and Chrysler). Omega counters by noting that "[a]ll of the witnesses relevant to damages appear to be

located in the Middle District, where the accused products are manufactured, shipped and accounted for" (Doc. No. 70 at 2). It is undisputed that the products are mostly designed in Michigan and manufactured out of the Tampa facility. Both parties cite to witnesses that are more readily available in one or the other forum, and, while Lear bemoans the inconvenience of having to travel to Florida to litigate, Omega counters with the same inconvenience of having to litigate in Michigan.

As is evident, neither forum provides a clearly more convenient solution. "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-646, 84 S.Ct. 805, 823-824, 11 L.Ed.2d 945 (1966). "Unless the balance strongly favors defendant, plaintiff's choice of forum will rarely be disturbed." *Garay v. BRK Electronics,* 775 F. Supp. at 1011, *citing Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 341 (8th Cir.1983). This factor favors Plaintiff.

*Location of relevant documents and the relative ease of access to sources of proof*

It appears that documents are located in both Districts, due to the design of the products in Michigan and their manufacture in Tampa. Documents related to the prosecution of the patent applications are within this District, but documents relating to third party witnesses may or may not be. As the parties have engaged in electronic discovery, the actual physical location of papers is, to this Court, a far less important factor, in any event.

*Locus of operative facts*

This factor, too, does not overwhelmingly favor either side. Unlike a personal injury action or traditional tort, there is no one specific location of alleged wrongdoing relevant here.

*Availability of compulsory process*

This factor appears to favor Lear, which contends that certain third party witnesses are without the reach of this Court, as residents of Michigan. On the other hand, Omega counters that

Lear employees from the Tampa facility may be outside the reach of a Michigan court, noting that the facility is scheduled to be shut down shortly, and the witnesses will no longer be Lear employees. While both sides can mitigate against any prejudice by preserving necessary testimony via deposition, Lear's point is stronger here.

*Relative means of the parties*

At hearing, Lear's counsel noted the economic climate and urged the Court to allow transfer, as Lear's revenue stream is "half of what it was." While the Court is not unsympathetic to the difficulties currently facing many companies, Lear's revenues are still in the billions, according to Omega, which can also claim the effects of a harsh economy. As Lear is no stranger to litigating in non-Michigan forums,[1] and as Lear has litigated in this forum without complaint for over a year prior to filing this motion, its present economic difficulties are not compelling.

*Forum's familiarity with the governing law*

This factor is neutral in that both Courts are presumably equally well-versed in patent law. To the extent this Court has become familiar with this particular case, due to the pendency of the litigation in this forum for over a year, there is no advantage to be gained by transfer to a new District.

*Weight accorded Plaintiff's choice of forum*

Lear contends that no weight should be given Omega's choice of this forum, as Omega is not resident in this District and its choice is entitled only to minimal deference, citing *In re TS Tech,* 551 F.3d 1315 (Fed. Cir. 2008). In *TS Tech,* the Federal Circuit, applying *Fifth Circuit law*, held that the plaintiff's choice of venue is not a distinct factor to be considered in the § 1404(a) analysis. *TS Tech,* 551 F.3d at 1320. Here, however, the Court applies Eleventh Circuit law, and this Circuit

---

[1] Indeed, recently, in *In re Tech USA Corp.,* 551 F. 3d 1315 (Fed. Cir. 2008), Lear had filed suit in the Eastern District of Texas and fought transfer of the case to Ohio.

continues to credit a Plaintiff's choice of forum, unless clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir 1996). While the fact that Omega is not resident in this District "lessens the force" of the deference to be given, *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, --- U.S. ----, ---, 127 S.Ct. 1184, 1191 (2007), this factor still favors Plaintiff, in view of the lack of countervailing considerations.

*Trial efficiency and the interests of justice*

Lear's motion comes at a time when the case has been pending in this Court for well over a year. Although Lear contends that the delay is of no moment in that the amendment of the complaint renders this a "new" case, the Court cannot agree. As counsel represented at hearing and as evident from the papers, significant discovery has occurred, and the case is ready to be tried this year or very early next. While the Court is not privy to the workload constraints facing the Eastern District of Michigan, it takes notice of the delay inherent in *any* transfer, while the transferee court receives the case, reviews it and fits it in to what is no doubt an already challenging docket. The Court sees no efficiencies to be gained by transfer of this matter to a new District on this showing.

As for the overall circumstances and the interests of justice, while some of the factors do favor transfer, Lear's position is lessened considerably by the fact that it waited so long to bring its motion. The location of the parties and the witnesses was readily known at the onset of the litigation in 2007. A great deal of discovery has already occurred, thus undercutting the economic argument, and the proposed amendment to the complaint does not change the nature of the litigation such as to warrant revisiting venue. Further, the Court does not accept Lear's position that it has little relevant connection to this District, and the District has little connection to this case. The accused products are manufactured and shipped from a Tampa facility and both parties do business here. In sum, while the Court may have been persuaded to use its discretionary authority to transfer this matter if it had

-7-

been timely raised, Lear's acquiescence in the suitability of this venue belies any real suggestion that the interests of justice favor transfer. The motion to transfer venue is **denied.**

A final note is in order. In finding that the case should not be transferred out of this District, the Court does not find that the Orlando Division is necessarily the appropriate division for trial of this case. As the parties have noted the existence of the Tampa facility and numerous witnesses resident in the Tampa area, the District Judge may well find that Tampa has the greater nexus with this case, sufficient to justify an inter-division transfer for purposes of trial. In view of that possibility, the Court **defers** the entry of a Case Management and Scheduling Order, in favor of the determination of the Presiding District Judge as to the appropriate date and location for trial of the case.

**DONE** and **ORDERED** in Orlando, Florida on May 27, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge, Hon. Mary S. Scriven
Counsel of Record